United States District Court
Southern District of Texas
**ENTERED**
July 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARREV YVAN NAT SY DELLO TCHITELOT, *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03937 |
| | § | |
| RAYMOND THOMPSON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

According to Respondents' motion for summary judgment (Doc. No. 7) and "Notice of Intent to Remove" filed on June 3, 2026 (Doc. No. 6), the Government planned to remove Petitioner in June 2026. Petitioner has not responded to the motion for summary judgment and his time to do so has passed. Further, he does not contest the Respondents' notice that his removal, as of June 3, 2026, was imminent. Petitioner does not contest that he has been removed and that this case is now moot.

Because the petitioner is no longer in custody and no controversy remains, his petition must be dismissed as moot. *See Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998) (holding that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution" because "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit'") (quoting *Lewis v. Cont'l Bank Corp.*, 110 S. Ct. 1249, 1254 (1990)).

Therefore, the Court **ORDERS** as follows:

1. This habeas petition is **DISMISSED** without prejudice as **MOOT.**

2. All pending motions, if any, are **DENIED as MOOT.**

3. This case is **CLOSED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this 14th day of July 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE